IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PAUL BROWN     PLAINTIFF

v.     CIVIL ACTION NO. 3:25-CV-53-SA-RP

TRUIST BANK     DEFENDANT

ORDER DISMISSING CASE

On February 17, 2025, Paul Brown filed a *pro se* Complaint [2] against Truist Bank in the Justice Court of Desoto County, Mississippi. Truist Bank removed the case to this Court, premising federal jurisdiction on the basis of federal question pursuant to 28 U.S.C. § 1331. Truist Bank has now filed a Motion to Dismiss [5], wherein it seeks dismissal of Brown's Complaint [2]. Brown has not responded to the Motion [5], and his time to do so has passed. *See* L. U. Civ. R. 7(b)(4). The Court is prepared to rule.

The *entirety* of the factual and legal allegations in Brown's *pro se* Complaint [2] are as follows:

> FCRA violations, Civil Rights violations, refusing/failing to properly verify alleged debt when asked in writing, actual mortgage/financial damages.

[2] at p. 1.

He seeks damages in the amount of $3,500.00 plus $85.00 for a filing fee.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937.

Ultimately, the district court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). Therefore, the reviewing court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). Still, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. 1937.

Brown's Complaint [2] falls well below the applicable pleading standard. He does not tie any factual allegations to his legal contentions, and the Complaint [2] is wholly devoid of factual allegations that might support a legal claim to relief. Mere generalized references to alleged violations of law are insufficient. *Id.*, 129 S. Ct. 1937.

Ultimately, Brown's Complaint [2] fails to state a plausible claim for relief. It is due to be dismissed.

Alternatively, on May 19, 2025, Magistrate Judge Percy entered an Order to Show Cause [17], wherein he specifically opinioned that "it appears to the court that this action should be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute." [17] at p. 1. Judge Percy directed Brown to file a response no later than June 2, 2025, to show cause as to why this action should not be dismissed for failure to prosecute. That deadline has passed, and Brown has not responded. The case is also due for dismissal on that basis.

*Conclusion*

For the reasons set forth above, Brown's claims are hereby DISMISSED. This CASE is CLOSED.

SO ORDERED, this the 5th day of June, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE